**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Won Hwa Chi MOORE, also known
as Won H. Moore, Defendant–
Appellant.**

No. 06–50596
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Scott K. Stevens, Stevens & Stevens, Harker Heights, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM: *

Won Hwa Chi Moore appeals her two-year prison sentence following her guilty-plea conviction of third-offense driving while intoxicated, imposed pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13, and Tex. Penal Code §§ 49.04 and 49.09(b).

For the first time on appeal, Moore contends that the district court violated her due process rights by sentencing her under the allegedly mistaken belief that she faced a mandatory minimum two-year prison sentence under Texas law, when in fact she was eligible to be sentenced alternatively to community supervision and a term of confinement of only 10 to 180 days under Tex.Code Crim. Proc. Ann. art. 42.12. We review the claim for plain error only.** *See United States v. Olano,* 507 U.S. 725, 735–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Bourgeois,* 423 F.3d 501, 506 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 2020, 164 L.Ed.2d 786 (2006) (constitutional challenge raised for the first time on appeal is reviewable for plain error only).

The record does not support Moore's allegation that the district court was not aware of the various sentencing alternatives. The alternative of community supervision was noted in Moore's presentence report. At sentencing, the Government recommended a sentence of only 60 days of confinement, and the court asked for, and received, confirmation that Moore did *not* face a mandatory minimum sentence of two years. Because the factual allegations underlying Moore's due process challenge are not supported by the record, she has not shown error, plain or otherwise.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

** Moore's having filed a timely Fed.R.Crim.P. 35(a) motion for correction of sentence was not sufficient to preserve this issue for appeal. No due process contention was raised therein. In any event, Rule 35(a) is reserved for correction of "arithmetical, technical, or other clear error." The authority to correct a sentence under Rule 35(a) is "very narrow" and is not "intended to afford the court the opportunity to reconsider the application or interpretation of sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *See* Rule 35, 1991 Advisory Committee Notes addressing former Rule 35(c); *see also United States v. Lopez,* 26 F.3d 512, 520–21 (5th Cir.1994).